TRIEF & OLK
9 Kansas St.
Hackensack, NJ 07601
Tel: (201) 343-5770
Fax: (212) 317-2946
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------X

NAIMAH BUCKNER, BRIAN GEORGE, MIA KNOTTS and DAMIAN BRIDGES,

      Plaintiffs,

  -against-

AVIS BUDGET CAR RENTAL, LLC,
AVIS BUDGET GROUP, INC., and
AVIS RENT A CAR SYSTEMS, LLC,

      Defendants.

------------------------------------------------------------X

CIVIL ACTION

**COMPLAINT AND**
**JURY DEMAND**

Plaintiffs Naimah Buckner, Brian George, Mia Knotts, and Damian Bridges ("Plaintiffs"), through undersigned counsel, allege as follows:

## INTRODUCTION

1. This lawsuit seeks to recover unpaid wages including overtime compensation for Plaintiffs who were employed by Avis Budget Car Rental, LLC, Avis Budget Group, Inc., and Avis Rent a Car Systems, LLC ("Defendants" or "Avis") as "Shift Managers" or "Operations Managers" and were misclassified by Avis as exempt from federal and state overtime laws.

2. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C §§ 201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act, 43 P.S. §§333.101, *et seq.* ("MWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§260.1, *et seq.* ("WPCL").

3. Avis is a leading rental car supplier that operates or licenses the Avis car rental system—one of the largest car rental systems in the world—comprised of approximately 5,450 locations worldwide, including in virtually all of the largest commercial airports and cities in the world.

4. According to Avis's Form 10-K for the fiscal year ending on December 31, 2014, Avis operated approximately 1700 car rent locations in North America, and generated total revenue of approximately $5.3 billion, of which approximately 61% (or $3.2 billion) was derived from North American operations.

5. Plaintiffs were employed at Avis's Philadelphia International Airport location ("PHL") as "Shift Managers" and/or "Operations Managers" (collectively, "Shift Managers")—identical positions whose title changed—wherein they were classified as exempt from federal overtime laws.

6. Plaintiffs would regularly work well in excess of 40 hours in a workweek without receiving any compensation including overtime compensation.

7. Avis classified all Shift Managers, including Plaintiffs, as exempt from overtime pay despite Plaintiffs spending the majority of their time performing non-exempt work.

8. As non-exempt employees, Plaintiffs were entitled to compensation for all hours worked as well as overtime compensation as provided under the FLSA and Pennsylvania State Laws.

## THE PARTIES

9. Plaintiff Naimah Buckner is a citizen of the State of Pennsylvania who was employed as a Shift Manager by Defendants from approximately October 2010 until on or about December 2013 at the car rental facility located at PHL.

10. Plaintiff Brian George is a citizen of the State of Pennsylvania who was employed as a Shift Manager by Defendants from approximately June 2012 until on or about March 2014 at the car rental facility located at PHL.

11. Plaintiff Mia Knotts is a citizen of the State of Alabama who was employed as a Shift Manager by Defendants from approximately May 2011 until on or about November 2013 at the car rental facility located at PHL.

12. Plaintiff Damian Bridges is a citizen of the State of Pennsylvania who was employed as a Shift Manager by Defendants from approximately May 2012 until on or about September 2014 at the car rental facility located at PHL.

13. Defendant Avis Budget Group, Inc. ("Avis Group") is a corporation organized and existing under the laws of the State of Delaware.

14. Avis Group's principal place of business is located at 6 Sylvan Way, Parsippany, New Jersey.

15. Upon information and belief, Avis Group regularly conducts business in this judicial district.

16. Upon information and belief, Avis Group operates through Defendant Avis Budget Car Rental, LLC ("Avis Rental"), the parent of Defendant Avis Rent A Car Systems, LLC ("Avis Systems").

17. Avis Rental is a Delaware limited liability company, and is, upon information and belief, a wholly owned subsidiary of Avis Group.

18. Upon information and belief, Avis Rental regularly conducts business in this judicial district.

19. Avis Systems is a Delaware limited liability company, and is, upon information and belief, a wholly owned subsidiary of Avis Rental.

20. Upon information and belief, Avis Rental regularly conducts business in this judicial district.

21. Defendants were and are doing business in New Jersey, including at 6 Sylvan Way, Parsippany, New Jersey; Newark Liberty International Airport, Newark, New Jersey; and an assortment of other locations in this State.

## JURISDICTION AND VENUE

22. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

23. The Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, since they are so related to the FLSA claim that they form part of the same case or controversy.

24. Defendants are subject to personal jurisdiction in New Jersey.

25. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District and because Defendants reside in this District.

## FACTUAL ALLEGATIONS

26. Avis classified Shift Managers, including Plaintiffs, as exempt from FLSA and Pennsylvania State Law protections despite the duties and responsibilities of Shift Managers principally lacking any managerial responsibilities or the exercise of independent judgment.

27. Instead, Plaintiffs were primarily responsible for "Basic Daily Duties" which included, but were not limited to, non-exempt, non-managerial tasks such as moving vehicles around the parking lot, cleaning vehicles, renting vehicles, shuttling vehicles, installing child car seats, and checking-in and counting vehicles.

28. Plaintiffs did not regularly interview, schedule, review performance, train, or make recommendations about employment decisions.

29. Plaintiffs did not hire or fire employees and they had none or little input into hiring or firing decisions.

30. The work performed by Plaintiffs required little skill and no capital investment. Their duties did not principally include managerial responsibilities or the exercise of independent judgment. Rather, they involved many non-managerial duties identical to those performed by non-exempt employees entitled to overtime.

31. Plaintiffs were required to work in excess of 40 hours a week yet Defendants willfully failed to pay Plaintiffs for all hours worked by them, as well as overtime compensation at one and one-half times their regular rate of pay, in violation of the FLSA and Pennsylvania State Law.

32. Upon information and belief, throughout Plaintiffs' employment, Defendants failed to maintain accurate and sufficient time records.

## FIRST CLAIM FOR RELIEF

## FAIR LABOR STANDARDS ACT VIOLATION

33. Plaintiffs repeat and reallege each paragraph above as though it were fully set forth at length herein.

34. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce within the meaning of FLSA, 29 U.S.C. §§206(a) and 207(a).

35. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

36. At all relevant times, Defendants classified Plaintiffs as exempt from overtime requirements despite the fact that Plaintiffs performed basic daily duties that were otherwise identical to those performed by non-exempt employees.

37. At all relevant times, Defendants had a uniform policy and practice of willfully refusing to pay Plaintiffs for all hours worked, as well as pay overtime compensation for hours worked in excess of 40 hours per workweek.

38. As a result of Defendants' failure to record, report, credit and/or compensate Plaintiffs, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

39. As a result of Defendants' willful failure to compensate its employees, including Plaintiffs, for all hours worked at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§201, *et seq.*

40. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 28 U.S.C. §255(a).

41. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid wages for all hours worked by them in excess of 40 hours per week, as

overtime compensation; an additional amount equal as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

## PENNSYLVANIA MINIMUM WAGE ACT VIOLATION

42. Plaintiffs repeat and reallege each paragraph above as though it were fully set forth at length herein.

43. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the MWA.

44. Defendants willfully violated Plaintiffs' rights by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half times the regular rate of pay for all hours worked by them in excess of 40 in a workweek in violation of the MWA, 43 P.S. §333.101, *et seq*.

45. Specifically, Defendants, pursuant to their policies and practices, failed and refused to pay overtime premiums to Plaintiffs for all their overtime hours worked by misclassifying Plaintiffs as exempt from the requirements of the MWA.

46. As a result of Defendants' conduct, Plaintiffs have suffered damages in an amount to be proved at trial.

47. Due to Defendants' MWA violations, Plaintiffs are entitled to recover from Defendants their unpaid wages for the legally required amount of overtime compensation for all hours worked by them in excess of 40 in a workweek, and reasonable attorneys' fees, costs and disbursements of this action, pursuant to the MWA.

## THIRD CLAIM FOR RELIEF

## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW VIOLATION

48. Plaintiffs repeat and reallege each paragraph as though it were fully set forth at length herein.

49. This action is brought by Plaintiffs as specifically authorized by the WPCL, 43 P.S. §260.9a(a).

50. The WPCL provides that an employer is obligated to pay all wages due to its employees. *See* 43 P.S. § 260.3

51. Defendants are employers within the meaning of the WPCL.

52. Defendants have intentionally failed to pay the wages due, including overtime, as set forth in the preceding paragraphs of this Complaint to Plaintiffs in violation of Pennsylvania Code, 43 P.S. § 260.3

53. Defendants have intentionally failed to pay Plaintiffs all amounts of wages earned, including overtime, within the time limits set forth in the WPCL, 43 P.S. §§ 260.10, *et seq*.

54. Pursuant to 43. P.S. §§ 260.9a and 260.10, employers, such as Defendants, who intentionally fail to pay an employee wages in conformance with the WPCL shall be liable to the employee for wages or expenses that were intentionally not paid, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court grant the following relief against Defendants:

A. An award of unpaid wages for all hours worked as well as overtime compensation due under the FLSA and applicable Pennsylvania Law;

B. An award of statutory, liquidated and/or punitive damages as a result of Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to the FLSA and applicable Pennsylvania Law;

C. An award of prejudgment and post-judgment interest;

D. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

E. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Dated: March 16, 2014

                                              Respectfully submitted,

                                              /s Ted Trief
                                              Ted Trief (TT-7594)
                                              ttrief@triefandolk.com
                                              TRIEF & OLK
                                              9 Kansas St.
                                              Hackensack, NJ  07601
                                              Tel: (201) 343-5770
                                              Fax: (212) 317-2946
                                              *Attorneys for Plaintiffs*